*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1172**

State of Minnesota,
Respondent,

vs.

Renee Anita Vasko,
Appellant.

**Filed April 18, 2016
Reversed
Randall, Judge\***
**Dissenting, Ross, Judge**

The Hon. Thomas G. McCarthy
McLeod County District Court
File No. 43-CR-14-1597

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Jody L. Winters, Gavin, Winters & Long, Ltd., Lester Prairie City Attorney, Amber R. Donley, Assistant City Attorney, Glencoe, Minnesota (for respondent)

Renee Anita Vasko, Lester Prairie, Minnesota (pro se appellant)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Randall, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1

**RANDALL**, Judge

Appellant Renee Anita Vasko challenges her misdemeanor conviction of violating a municipal blight ordinance, arguing that she did not violate the ordinance as a matter of law. We conclude the ordinance is ambiguous. Reversed.

**FACTS**

While conducting a blight inspection on September 5, 2014, Lester Prairie Police Chief Robert Carlson observed a vehicle with expired registration tabs parked in Vasko's front yard. The vehicle was registered to Vasko and another person. Chief Carlson testified that, because no one was home, he sent a warning letter by regular mail. Vasko did not respond and did not move the vehicle so Chief Carlson sent a certified letter on September 11. The certified letter went unclaimed and was returned to Chief Carlson.

Chief Carlson then posted the letter on Vasko's door on September 29. The letter asked Vasko to remove the vehicle within ten days and stated, "[i]f the unregistered or inoperable vehicle remains after thirty (30) days of service of this notice the vehicle will be removed from the property." Vasko acknowledges receiving this letter. The record lacks any indication that Chief Carlson provided any notice to the other registered owner. Chief Carlson observed that the vehicle was still on Vasko's property on October 2 and he had the vehicle towed on October 24.

Vasko was charged with a misdemeanor violation of Lester Prairie's municipal blight ordinance. The district court found Vasko guilty of violating the blight ordinance and sentenced Vasko to pay a $100 fine. Vasko appeals.

2

**D E C I S I O N**

Vasko argues that the evidence is insufficient to support her conviction for violating the blight ordinance. We must first determine what evidence is required for her conviction, which is an issue of statutory interpretation that, as a matter of law, we review de novo. *See State v. Tomlin*, 622 N.W.2d 546, 548 (Minn. 2001). Like the interpretation of a statute, "the interpretation of an ordinance is a question of law, reviewed independently on appeal." *State v. Stewart*, 529 N.W.2d 493, 496 (Minn. App. 1995). Words in a statute or ordinance are "construed in their plain and common usage." *See id.* (analyzing both a statute and city ordinance); *see also* Minn. Stat. § 645.08(1) (2014). We find ambiguity only when the language is "subject to more than one reasonable interpretation." *State v. White*, 759 N.W.2d 667, 668 (Minn. App. 2009) (quotation omitted). Any "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Stewart*, 529 N.W.2d at 496 (quotation omitted); *see* Minn. Stat. § 645.16 (2014); *State v. Koenig*, 666 N.W.2d 366, 372-73 (Minn. 2003) ("Penal statutes are to be construed strictly so that all reasonable doubt concerning legislative intent is resolved in favor of the defendant.").

Lester Prairie's municipal blight ordinance prohibits anyone from keeping a "junked or abandoned" vehicle on private property "for a period in excess of thirty (30) days without a special use permit granted by the City Council." Lester Prairie, Minn., Mun. Code (LPMC) § 5.5.1.2 (1971). A vehicle is junked or abandoned if it is inoperative or does not have current license plates or registration tabs. LPMC §§ 5.5.1.2, 5.5.1.3.1. After a cause of blight is "found to exist," the City Clerk or police department must notify "[t]he owner and the occupant" of the property where the abandoned vehicle is located "in

3

writing" to remove it from the property "within ten (10) days after service of the notice." LPMC § 5.5.2.2(a). This notice "may be served personally or by mail the same by registered mail, return receipt requested, to the last known address of the owner, and, if the premises are occupied, to the premises." *Id.* "Failure to comply with such notice within the time allowed shall constitute a violation of this ordinance." LPMC § 5.5.2.2(b).

We conclude the blight ordinance's notice requirement is ambiguous. The ordinance requires notice to the owner "of any property upon which any of the causes of blight . . . is found to exist." LPMC § 5.5.2.2(a). But it is unclear whether this notice can be provided within the 30-day blight-creation period or only after 30 days, when a blight exists under the ordinance. *See* LPMC § 5.5.1.2. The ordinance is subject to more than one reasonable interpretation. It is ambiguous. *See White*, 759 N.W.2d at 668. We must construe the ordinance strictly, *see Koenig*, 666 N.W.2d at 372-73, and resolve the ambiguity in favor of lenity, *see Stewart*, 529 N.W.2d at 496. Notice must be provided after a blight "is found to exist." *See* LPMC § 5.5.2.2(a).

Chief Carlson improperly provided notice to Vasko before a blight was found to exist. Chief Carlson observed an abandoned vehicle on September 5 and attempted to provide notice that day that Vasko had ten days to remove the "blighted condition[]." But on September 5, the abandoned vehicle had not yet created a blight. Even on September 29 when Vasko actually received the notice, the 30-day blight-creation period had not expired.

Chief Carlson should have waited at least 30 days after observing the vehicle on September 5 before giving Vasko notice of her ten days to remove the blight. The blight

4

ordinance is only violated when the property owner fails to comply with "such notice within the time allowed." LPMC § 5.5.2.2(b). Vasko should have been allowed more time under the ordinance than she received. And she was not provided the proper notice after the creation of a blight. *See* LPMC § 5.2.2(a). We find that she did not violate the blight ordinance as a matter of law.

In addition to the ambiguity in the ordinance, we find ambiguity in the notice Vasko received. After asking Vasko to remove the "blighted condition[]" within ten days, the notice informed Vasko that the city would remove her vehicle after 30 days. Instead of providing 30 days before the city takes action and ten days to remove the blight, as contemplated in the ordinance, the notice provided the ten-day notice first and then an additional 30 days before the city would take action. *See* LPMC §§ 5.5.1.2, 5.5.2.2. Vasko argues that, under the notice she was provided, she had 30 days after receiving the notice to remove her vehicle. We conclude that this reading of the notice is not unreasonable.

Overall, the city failed to comply with its own ordinance and notice because it (1) provided notice to Vasko before a blight existed; (2) had Vasko's vehicle towed without City Council action, as the ordinance requires, *see* LPMC § 5.5.2.2(d); and (3) towed Vasko's vehicle fewer than 30 days after Vasko received notice that the vehicle would be removed if it remained on her property "after thirty (30) days of service of this notice." Given the ambiguity in both the ordinance and the notice provided to Vasko, we reverse Vasko's misdemeanor conviction for violating the blight ordinance. Because we reverse

Vasko's conviction, we need not address Vasko's other arguments regarding the city's procedure and the discredited evidence she submitted at trial.

**Reversed.**

**ROSS**, Judge (dissenting)

Four independent reasons compel me to respectfully but strongly dissent from the majority's holding that Lester Prairie's junk-car ordinance is unenforceably ambiguous under the rule of lenity. No party raised the rule of lenity. And it does not apply. Renee Vasko did what the ordinance unambiguously prohibits. I would affirm her conviction.

The City of Lester Prairie found that "junked vehicles . . . constitute a hazard to . . . health and welfare" because they "can harbor noxious disease, furnish shelter and breeding places for vermin, and present physical dangers to the safety and well being of children and other[s]." Lester Prairie, Minn., Mun. Code (LPMC) § 5.5.1.1 (1971). This finding is unambiguous. The city's ordinance declares it "unlawful for any person . . . occupying or owning private property within the City . . . to keep . . . any junked or abandoned vehicles . . . for a period in excess of thirty (30) days without a special use permit." LPMC § 5.5.1.2. This requirement is unambiguous. The ordinance defines a junked vehicle as any vehicle that lacks a "valid and current license plate issued by the proper state agency or is an inoperative vehicle." *Id.* This definition is unambiguous. Finally, the ordinance establishes that "[a]ny person . . . in violation of the provisions of this ordinance shall be guilty of a misdemeanor." LPMC § 5.5.1.5. The criminality is also unambiguous.

The majority holds that the ordinance is ambiguous and unenforceable under the rule of lenity not because *its prohibited conduct* is ambiguous, but because the *timing* of the "*notice requirement* is ambiguous." In my view, the holding is not sustainable for at least four equally dispositive reasons.

First, the majority bases its holding on an argument that no one presented. The majority itself initiates and builds the lenity argument on the appellant's behalf and then it decides the argument to the respondent's detriment. No party ever raised the issue or made any argument for or against it. Not only did Vasko never develop the argument that the city cannot enforce the ordinance against her under the rule of lenity because its notice requirement is ambiguous, her brief nowhere even mentions the word "lenity" or "ambiguous" or "unenforceable." The majority today *creates* the argument for one party and applies it against the other to reverse the district court (which also was never presented with the argument). More than 2,000 times, we have cited the supreme court's holding in *Thiele v. Stich* and rebuked parties, flatly rejecting their newly minted issues raised first on appeal because "a reviewing court must generally consider only those issues that the record shows were presented [to] and considered by the trial court." 425 N.W.2d 580, 582 (Minn. 1988) (quotation omitted). Today's irony: the majority reverses Vasko's conviction based on its own notice theory without ever giving the state any notice of its theory. I do not see how this approach satisfies the two basic and most often repeated elements of due process—notice and the opportunity to be heard.

Second, even if Vasko had raised a lenity argument and based it on the notice requirement that the majority cites, the argument would fail because Vasko was not charged with or convicted of violating the notice requirement; she was charged with violating the junk-car requirement. The state had the option of charging Vasko under either of two parts of the ordinances. Sections 5.5.1.2 and 5.5.1.5 together make it a misdemeanor for a home occupant to keep a junk car on her property longer than 30 days. No notice

requirement is included in those provisions. And section 5.5.2.2(b)-(c) separately makes it a misdemeanor not to comply with a city-issued notice to end a blight. It is true that the police chief gave Vasko a blight notice, but the charging complaint says nothing of Vasko's failure to comply with the notice, and it does not cite to or rely on section 5.5.2.2. The criminal complaint instead specifically identifies and quotes only sections 5.5.1.2 and 5.5.1.5. The heading uses the word "blight" along with "junked car," but its substance regards only the junked-car provision. Because the state never charged Vasko with failure to comply with a blight notice issued under section 5.5.2.2, no ambiguity in that ordinance's timing element is relevant to Vasko's junk-car conviction under the different, stand-alone section 5.5.1.2.

Even merging sections 5.5.1 and 5.5.2 together (as the majority does) and therefore supposing that the state must give the notice of section 5.5.2.2 before it charges a property owner for violating the junk-car prohibition of section 5.5.1.2, the ordinance is not ambiguous in any way that it would trigger the rule of lenity. The rule of lenity exists for one reason: "to ensure fair public notice *of what action is prohibited* by the criminal statutes." *State v. Orsello*, 554 N.W.2d 70, 76 (Minn. 1996) (emphasis added) (citing *Liparota v. United States,* 471 U.S. 419, 427, 105 S. Ct. 2084, 2089 (1985)), *as amended on reh'g* (Oct. 31, 1996). The notice requirement includes no ambiguity as to "what action is prohibited by the criminal [ordinance]." The prohibited act is clear even after the mistaken scrambling of the sections: leaving a junk car on private property longer than 30 days and failing to remove it after notice. That is, whether the ordinance ambiguously directs *a city official* to wait until after the 30-day violation has matured before notifying

the property owner of a pending violation (as the majority concludes) is irrelevant to the act that the ordinance prohibits *the potential offender* from engaging in. Because the ordinance unambiguously informs Vasko of the prohibited act of maintaining a junk car on her property longer than 30 days, the rule of lenity simply does not apply. This emphasizes why umpires are never supposed to throw pitches; the majority's sua sponte argument is wrong not only because it is sua sponte, it is wrong because it doesn't cross the plate.

Third, even if Vasko had raised the lenity argument and even if the lenity rule had some plausible bearing here, the majority applies the rule prematurely. We should not disregard the supreme court's recent reminder that the rule of lenity is not a first-resort interpretive tool when we face an ambiguous criminal statute. We are to apply the rule of lenity to render a criminal statute unenforceable only "when 'a grievous ambiguity or uncertainty in the statute' remains *after* we have considered other canons of statutory construction." *State v. Nelson*, 842 N.W.2d 433, 443 (Minn. 2014) (emphasis added) (quoting *Dean v. United States*, 556 U.S. 568, 577, 129 S. Ct. 1849, 1856 (2009)). There are plenty of neutral canons of construction at our disposal, and our analysis should begin (and if possible end) with them. The majority instead leapfrogs immediately to the defense-determinative rule of lenity. *Nelson* reminds us that this is a mistake.

Fourth, even if Vasko had asserted the lenity rule, and even if the rule plausibly applied, and even if the majority first tried but failed to resolve the stated ambiguity using neutral rules of construction, still I would dissent. This is because the facts known to the district court (and known to us), render the rule of lenity entirely inconsequential. The majority reasons that the most lenient application of the ambiguous warning-notice

provision prohibits the city from enforcing its blight-restriction ordinance if the city warns the property owner too early, before the offending condition has existed for 30 days. It concludes that "Chief Carlson should have waited at least 30 days after observing the vehicle on September 5 before giving Vasko notice of her ten days to remove the blight." And it rests that conclusion wholly on its assumption that "the abandoned vehicle had not yet created a blight." But Vasko's own candid factual account, which the majority does not mention, obliterates this assumption. Vasko expressly admitted her offending conduct during her pro se questioning of the police chief: "The [unregistered] car *was parked there [in my yard] from before November of 2012 to the time you gave the blight [notice in] September of 2014*. So two years went by without a blight notice. Can I ask you why it took two years?" In plain English Vasko undisputedly informed the district court that she had kept the junk car on her property for *years* before, not merely *days* before, the police chief notified her to remove it. And then she also failed to remove it within the ten days permitted by the notice. Even under the majority's construction of the ordinance, Vasko's conviction therefore must stand either as a violation of the junk-car ordinance under section 5.5.1 (as Vasko was charged) or of the blight ordinance under section 5.5.2 (as the majority construes Vasko's charge).

In sum, I am troubled that the majority's rule-of-lenity decision seems to carry multiple substantive flaws. And I am more than troubled—I am distressed—that the majority now reverses a criminal conviction based on an issue that no party ever presented to the district court and that no party has even suggested, let alone argued, to this court. We should certainly affirm.